IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROOSEVELT DIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-676 |
| | § | |
| BERRY BROS. GENERAL | § | |
| CONTRACTORS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

This case arises out of personal injuries sustained by Plaintiff Roosevelt Diggs while carrying pipe aboard a barge. Now before the Court comes Defendant Berry Bros. General Contractors, Inc.'s ("Defendant") Motion to Transfer to the Lafayette/Opelousas Division of the Western District of Louisiana. For the reasons stated below, Defendant's Motion is **GRANTED**.[1]

**I. Background**

Plaintiff was a resident of Louisiana on September 27, 2006, when he fell while carrying pipe aboard a barge. The fall allegedly injured his head and back. Plaintiff now sues his employer, Defendant, to recover the damages sustained as a result of his injuries.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The

convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant claims that the availability and convenience of all witnesses support transfer to Louisiana. First, Defendant notes that no key witnesses to the incident reside in Texas. Rather, all of the crewmembers present at the time of Plaintiff's accident, including Plaintiff himself, are Louisiana residents. Additionally, Defendant and its representatives reside in Louisiana. Defendant also lists Plaintiff's initial medical providers, who are all located in Louisiana.

Plaintiff argues that his key experts, a current treating physician and economist, reside in the Southern District of Texas.

In this case, the only witnesses who will find this Court more convenient than one in Louisiana are Plaintiff's experts, whose testimony can be preserved by deposition or compelled by the party retaining them. Additionally, Plaintiff did not come into contact with those witnesses until after the inception of this litigation. Their convenience is entitled to substantially less weight than that of the other witnesses. Accordingly, this factor weighs in favor of transfer.

B. *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not indicated that the records in this case are so voluminous that they would incur substantial cost in transporting them to this Court rather than the federal courthouse in Lafayette. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not support transfer.

C. *Cost of Obtaining Witnesses and Other Trial Expenses*

Defendant argues that since most of the witnesses are in Louisiana, a trial here will be more expensive than one in Louisiana. While this may be marginally true, the cost differential between a trial here and one in Louisiana is not so significant as to outweigh Plaintiff's choice of forum. Trial is inherently expensive, and Defendant has not met its burden in proving that a transfer will greatly diminish the expense in this case. This factor does not support transfer.

*D. Place of the Alleged Wrong*

This accident occurred in Eloi Bay, just southeast of New Orleans. While New Orleans is not within the Western District of Louisiana, it is much closer to Lafayette than it is to Galveston, and the residents of Louisiana will have a greater interest in the outcome of this case than those of Texas. Accordingly, this factor weighs in favor of transfer.

*E. Possibility of Delay*

This case is not set for trial until September of this year. While a transfer would inevitable lead to some delay, the delay is not so substantial as to demand retention. This factor does not weigh for or against transfer.

*F. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). The amount of deference given to a non-resident plaintiff is further reduced if the case has no connection

to this forum. *See Robertson*, 979 F. Supp. at 1109. Here, Plaintiff is a resident of Houma, Louisiana, Defendant is a Louisiana corporation, and the accident occurred in Louisiana. The only connections to Texas are that Plaintiff chose this forum and his experts reside in this District. Thus, Plaintiff's choice of forum is of very little significance in this case.

## IV. Conclusion

After examining the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interest of justice. Therefore, Defendant's Motion to Transfer Venue is **GRANTED**. This case is **TRANSFERRED** to the Western District of Louisiana, Lafayette Division. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 27th day of February, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge